## STATE *v*. WASHMOOD.

### Opinion delivered March 31, 1894.

*Constitutional law—Tax on traveling insurance agents.*

> Mansfield's Digest, section 5591, which provides that "there shall be levied and collected as a State tax the sum of one hundred dollars upon each and every traveling agent for any life insurance, mutual endowment, matrimonial, mutual aid, nuptial association or company doing business in the State for the term of one year or less," imposes an occupation tax upon the agent, and is unconstitutional.

Appeal from Pulaski Circuit Court.

WILBUR F. HILL, Special Judge.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellant.

1. The State may prescribe the terms on which foreign corporations may do business within its limits. They are not citizens, in the sense of the clause of the constitution of the United States (except for the purpose of giving jurisdiction to the federal courts) securing to citizens of each State all privileges and immunities of citizens of the several States. The object of the act was to levy a tax upon the company, and not upon the agent, and it is not obnoxious to any constitutional inhibition. Burroughs, Tax. sec. 79 ; 8 Wall. 168 ; 10 *id.* 410 ; 94 U. S. 535 ; 125 *id.* 181 ; 44 Ark. 138 ; *ib.* 139 ; 33 *id.* 442 ; 13 *id.* 752 ; 143 U. S. 305.

2. Where a statute is susceptible of two constructions, one of which would make it unconstitutional, the

other constitutional, the latter is adopted.. Endlich, Int. St. sec. 178; Bishop, Written Laws, sec. 90; Sedgw. Const. St. & Const. Law. 409; 6 Engl. 481; 32 Ark. 131; 39 *id.* 355.

3. In cases like this, the courts hold that a tax upon an agent is a tax upon the company he represents. 120 U. S. 489; 127 *ib.* 640; 128 *id.* 129; 129 *id.* 141; 136 *id.* 104.

*Dan W. Jones & McCain* for appellees.

Sec. 5591, Mansfield's Digest, contains nothing to show that it is to be restricted to *foreign* corporations. The statute clearly imposes a tax upon the *agent*, making it a *State* tax upon occupations, and it is void. 34 Ark. 609; 44 *id.* 138; Const. art. 12, sec. 6; *ib.* art. 16, sec. 5; 13 Ark. 752; 21 *id.* 40; 27 *id.* 625; 33 *id.* 442; 42 *id.* 160; 41 Fed. Rep. 468.

BUNN, C. J. The defendant, Andrew Washmood, was tried before one of the justices of the peace of Pulaski county, upon an information filed against him by the prosecuting attorney of the circuit, charging him with a violation of sections 5591 and 5594, Mansfield's Digest, and fined in the sum of two hundred dollars, as provided by the latter section. From this judgment the defendant appealed to the Pulaski circuit court, wherein he was tried by the court sitting as a jury, by consent of parties, and upon the following agreed statement of facts, to-wit: "The defendant in this case admits that in Pulaski county, Arkansas, during the year 1893, and before this prosecution was commenced, he acted as a traveling life insurance agent for and on behalf of the Equitable Life Assurance Association, and that said Equitable Life Assurance Association is a corporation created and existing under the laws of the State of New York; and that, as such agent, in said county, and during the time above mentioned, he solicited W. S. McCain and divers other persons to take

out policies of insurance in said company; and that he never paid the State license ($100) required of him by sections 5591 and 5594 of Mansfield's Digest."

The court held the sections of the Digest numbered 5591 and 5594 to be unconstitutional, and rendered judgment of acquittal for the defendant, and the State appealed to this court.

The section of the digest (Mansf. Dig. sec. 5591) involved is as follows: "There shall be levied and collected as a State tax the sum of one hundred dollars upon each and every traveling agent for any life insurance, mutual endowment, matrimonial, mutual aid, nuptial association or company doing business in this State for the term of one year or less." Section 5594 fixes a penalty of double the amount of said license fee upon any one engaged in the business referred to in the other section without paying the license.

If the tax was intended to be a tax levied upon the association or companies represented by the agents named, the question of the validity of the section would, at least, be an open one, but one which it is unnecessary for us to discuss in this connection. If, however, the intention of the legislature, in enacting said section 5591, was to impose a tax upon the agent therein named, the tax would be an occupation tax, and, being a State tax, as expressed, it would be in violation of the constitution of the State, as has been settled by numerous decisions of this court. *McGehee* v. *Mathes*, 21 Ark. 40; *Straub* v. *Gordon*, 27 Ark. 625; *Little Rock* v. *Barton*, 33 Ark. 442; *Little Rock* v. *Board*, 42 Ark. 160; and *Baker* v. *State*, 44 Ark. 134. So, the main question in this case is, what was the legislative intent in enacting section 5591? Was it to impose the tax named therein upon the associations and companies for the privilege of carrying on their business in the State; or was it intended as a tax

upon the traveling agents of such associations and companies?

If, by one construction to be put upon an act, it may be held as valid, while by another construction it would be invalid, we must adopt the construction that would make the act of the legislature valid, if we can reasonably do so. Had the qualifying word "*traveling*" not been used, there might have been good grounds, under the rule above stated, to hold that the tax was intended as an imposition upon the associations and companies represented by the agents. But the employment of that qualifying word, restricting the tax to cases where these associations and companies have *traveling* agents only, and not imposing it by and through other classes of agents, however many they be, renders it unreasonable to conclude that the intention was to tax the associations and companies. It was, therefore, an occupation tax, and being a State tax also, the section authorizing it is in conflict with the constitution.

We make no ruling as to whether or not the associations and companies named in section 5591, under consideration, are corporations. For the purpose of this discussion we have treated them as such.

For the reasons given above, the judgment of the circuit court is affirmed.